UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA
_____

In re:

    Uptown Drink, LLC

    Debtor.

Bky. 11-47016-DDO
Ch. 11
_____

**NOTICE OF HEARING AND MOTION TO APPROVE STIPULATION FOR USE OF CASH COLLATERAL AND FOR ADEQUATE PROTECTION**
_____

TO: The entities specified in Local Rule 9013-3:

    **COMES NOW,** Uptown Drink LLC, the debtor in the above referenced bankruptcy proceeding, by and through its undersigned attorney, moves the court for the relief requested below and gives notice of hearing.

1. The court will hold a preliminary hearing on this motion at 1:30 p.m. on November 3, 2011, before the Honorable Dennis O'Brien, in Courtroom 2B at the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101 (the "Preliminary Hearing").

2. Any response to this motion as to issues to be considered at the preliminary hearing must be filed and delivered prior to the hearing. **Unless a response opposing the motion is timely filed, the court may grant the relief requested in the motion without a hearing in accordance with Local Rule 9013-2(f).**

3. The court will hold a final hearing on this motion at 2:00 p.m. on November 30, 2011 before the Honorable Dennis O'Brien, in Courtroom 2B at the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101 Street, Minneapolis, Minnesota 55415 (the "Final Hearing").

1

4. Pursuant to Local Rule 9006-1(c), any response related to the issues to be considered at the Final Hearing shall be filed and served by delivery or by mail not later than five days before the hearing date. **Unless a response opposing the Motion is timely filed, the Court may grant the relief requested in the Motion without a hearing.**

5. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Rules 4001 and 5005 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rule 1070-1. Venue of this case and the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding. The voluntary petition commencing this proceeding was filed on October 27, 2011. The case is now pending in this court.

6. This motion arises under 11 U.S.C. §§ 105(a), 361, 363 and 506, and Bankruptcy Rules 2002, 4001(b), 9007 and 9014. This motion is filed under Local Rules 2002-1, 2002-4(a), 4001-1, 4001-2, 9013-1, 9013-2, and 9013-3.

7. The only creditor that has an interest in the debtor's cash collateral is Plaza I, Inc.

8. The debtor and Plaza I, Inc. have entered into a Stipulation for Use of Cash Collateral and Adequate Protection (the "Stipulation"). A copy of this Stipulation is attached as **Exhibit A.**

9. By this motion, the debtor requests that this court enter an order, a proposed form of which is attached hereto, as follows:

   a. For a preliminary and final order approving the debtor's stipulation with Plaza I, Inc., for the use of cash collateral and for adequate protection under the terms of the stipulation set forth in therein;

   b. For an order granting the debtor the right to a preliminary hearing on the Stipulation for the use of cash collateral and for adequate protection on an expedited basis;

   c. Granting such other further protections as the court deems reasonable, so as to adequately protect the secured creditors' position, and allow the debtor to use cash collateral in the ordinary course of business; and

    d.  For such other and further relief as the court deems just and equitable.

10. As required by Local Rule 4001-2, attached hereto is a verified statement of the operations manager of the debtor containing the following information:

    (a) Calculation of the amount of debt secured by the collateral; (**Exhibit B**);

    (b) Description of the collateral and estimate of the collateral's value on the filing date and at the beginning of the period of time for which the debtor currently seeks authorization to use cash collateral; (**Exhibit C**);

    (c) Description of collateral and estimate of collateral's value at the end of the period of time for which the debtor seeks authorization to use cash collateral; (**Exhibit C**);

    (d) Itemization of the proposed use of cash collateral required to avoid immediate and irreparable harm to the estate pending the final hearing on this motion (**Exhibit D**); and

    (e) Cash flow projections. (**Exhibit D**).

11. Pursuant to Local Rule 9013-2(c), the debtor hereby gives notice that should testimony be necessary at either the preliminary or final hearing on this matter, the debtor reserves the right to call Lindsay Brown, manager of the debtor's operations, to testify regarding the facts relevant to this motion.

**WHEREFORE**, the debtor respectfully requests that this court enter an order:

    a.  Substantially in the form of the proposed order attached hereto;

    b.  Granting such other and further relief as the court deems just and proper.

    Respectfully submitted,

Dated: November 2, 2011.                                   **WARTCHOW LAW OFFICE, LLC**

                                                              By:___/s/ Lynn J.D. Wartchow_____
                                                               Lynn J.D. Wartchow (#339726)
                                                               Wartchow Law Office, LLC
                                                               5200 Willson Road, Suite 150
                                                               Edina, MN 55424
                                                               Phone  (952) 836-2717
                                                               Fax (952) 836-2730
                                                              Email: lynn@wartchowlaw.com

## Verification

I, Lindsay Brown, manager of the debtor's operations herein, declare under penalty of perjury that the facts set forth in the foregoing Notice of Hearing and Motion to Approve Stipulation for Use of Cash Collateral and Adequate Protection are true and correct, to the best of my knowledge, information and belief.

Dated: November 1, 2011    By: /s/ Lindsay Brown, manager
                                    Lindsay Brown

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

_____

In re:

Uptown Drink, LLC

Debtor.

Bky. 11-47016-DDO
Ch. 11

_____

## STIPULATION FOR USE OF CASH COLLATERAL
## AND FOR ADEQUATE PROTECTION
_____

This stipulation regarding the use of cash collateral and for adequate protection is made and entered into this 1st day of November, 2011, by and between the debtor, Uptown Drink, LLC, and Plaza I, Inc., a secured lender in this proceeding.

### RECITALS

1. On October 27, 2011, the debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Minnesota seeking relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2. The debtor is indebted to Plaza I, Inc. by virtue of a promissory and commercial security agreement and originally entered into between the debtor and Americana Community Bank and subsequently assigned to Plaza I, Inc., pursuant to which it granted a blanket security interest in all of the company assets of the debtor, including but not limited to all inventory, deposit accounts, chattel paper, instruments, letter-of-credit rights, letters of credit, documents, investment property, money, other rights to payment and performance, and general intangibles to Plaza I, Inc. (the "Note"). A copy of the Note is attached hereto.

3. A valid UCC-1 Financing Statement was filed with the Minnesota Secretary of State on May 20, 2010 as Doc. No. 201020308107 and the subsequent assignment was filed on October 10, 2010 as Doc. No. 20102176097. Accordingly, Plaza I, Inc. holds the only security interest and blanket lien in all personal property and assets of the debtor, including its cash collateral.

4. As of the filing date, the debtor estimates that it was indebted to Plaza I, Inc. in the amount of $339,051.86. The debtor believes that Plaza I, Inc. is under-secured.

5. The Debtor intends to continue to conduct business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. The debtor continues to have the necessity and desire to use the inventory and accounts and the proceeds from any sale of such inventory which would constitute cash collateral within the meaning of the Bankruptcy Code section 363(c)(2), all in operation of its business as debtor in possession under the Bankruptcy Code section 1101.

7. The debtor has determined that its ability to maximize the value of its assets for the benefit of its creditors is dependent upon its authorized use of the cash collateral to fund its continued operations.

8. The terms contained herein for the proposed use of the cash Collateral are fair and reasonable, are ordinary and appropriate for the debtor, reflect the debtor's prudent exercise of its business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

## **STIPULATION**

NOW, THEREFORE, in consideration of the foregoing recitals and subject to the approval of the court, the debtor and Plaza I, Inc. hereby stipulate and agree as follows:

1. Plaza I, Inc. consents to the entry of an order authorizing the debtor to use, under the terms of this agreement and in the ordinary course of its business, cash collateral and inventory of the debtor, including all collateral described in the security agreement between the parties and any post-petition accounts and inventory generated by the debtor in this case.

2. The debtor will promptly maintain the collateral as described in the security agreement with Plaza I, Inc. and keep the collateral insured against physical damage and loss and will additionally permit Plaza I, Inc. to conduct a reasonable inspection of its collateral during normal business hours provided that a request is made beforehand to meet at a mutually convenient time and place for such inspection.

3. The debtor will not use the collateral, including the cash collateral, for any purpose which is not authorized by the Bankruptcy Code or by order of the Bankruptcy Court.

4. As for adequate protection and pursuant to the requirements of section 363(e) of the Bankruptcy Code, the debtor grants to Plaza I, Inc., and Plaza I, Inc. shall have, a replacement lien on all post-petition assets of the debtor, including in cash collateral, to the extent the collateral is used by the debtor within the meaning of section 361(2) of the Bankruptcy Code and

with the same priority as in the debtor's post-petition collateral, and proceeds thereof, that Plaza I, Inc. held in the debtor's pre-petition collateral.

5. As additional adequate protection to Plaza I, Inc. for the debtor's use of its cash collateral, the debtor shall make monthly payments of $15,750. to Plaza I, Inc. upon entry of an order approving this stipulation and subsequently on or before the tenth day of each month thereafter until Plaza I, Inc. is paid in full, the collateral is returned or repossessed by Plaza I, Inc., or the debtor's plan of reorganization is confirmed.

6. Except as otherwise provided herein, all terms and conditions contained in the security agreement between the parties is hereby reaffirmed by the parties and incorporated herein by reference.

7. If the debtor fails to perform under any of the terms of this stipulation and the Bankruptcy Court's order, then the debtor shall be in default hereunder. Plaza I, Inc. agrees to provide the debtor with ten (10) days notice of monetary default and fifteen (15) days notice of any non-monetary default as a cure period. If the default is not reasonably cured within the cure period, then Plaza I, Inc. may obtain an order modifying the automatic stay with respect to Plaza I, Inc.'s claim by submitting an affidavit of default to the Bankruptcy Court without further notice to creditors, and Plaza I, Inc. shall be permitted to exercise its rights with respect to its collateral in accordance with applicable non-bankruptcy law.

Dated: 10/31, 2011

UPTOWN DRINK, LLC

By: _____ manager

Dated: October 31, 2011

PLAZA I, INC.

By: _____
President

3

# PROMISSORY NOTE

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "*****" has been omitted due to text length limitations.

**Borrower:** Uptown Drink, LLC
1400 Lagoon Ave N
Minneapolis, MN 55408



**Lender:** AMERICANA COMMUNITY BANK
CHANHASSEN OFFICE
600 W 79TH ST
PO Box 790
CHANHASSEN, MN 55317
(952) 937-9596

---

**Principal Amount:** $1,040,000.00   **Initial Rate:** 7.000%   **Date of Note:** May 25, 2005

**PROMISE TO PAY.** Uptown Drink, LLC ("Borrower") promises to pay to AMERICANA COMMUNITY BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of One Million Forty Thousand & 00/100 Dollars ($1,040,000.00), together with interest on the unpaid principal balance from May 25, 2005, until paid in full. The interest rate will not increase above 15.000%.

**PAYMENT.** Subject to any payment changes resulting from changes in the Index, Borrower will pay this loan in 59 regular payments of $15,750.27 each and one irregular last payment estimated at $367,120.70. Borrower's first payment is due June 25, 2005, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on May 25, 2010, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any late charges. The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**VARIABLE INTEREST RATE.** The interest rate on this Note is subject to change from time to time based on changes in an independent index which is the Wall Street Journal Prime Rate (the "Index"). The Index is not necessarily the lowest rate charged by Lender on its loans. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notice to Borrower. Lender will tell Borrower the current Index rate upon Borrower's request. The interest rate change will not occur more often than each month. Borrower understands that Lender may make loans based on other rates as well. The Index currently is 6.000% per annum. The interest rate to be applied to the unpaid principal balance of this Note will be at a rate of 1.000 percentage point over the Index, adjusted if necessary for any minimum and maximum rate limitations described below, resulting in an initial rate of 7.000% per annum. Notwithstanding the foregoing, the variable interest rate or rates provided for in this Note will be subject to the following minimum and maximum rates. NOTICE: Under no circumstances will the interest rate on this Note be less than 6.000% per annum or more than (except for any higher default rate shown below) the lesser of 15.000% per annum or the maximum rate allowed by applicable law. Whenever increases occur in the interest rate, Lender, at its option, may do one or more of the following: (A) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date, (B) increase Borrower's payments to cover accruing interest, (C) increase the number of Borrower's payments, and (D) continue Borrower's payments at the same amount and increase Borrower's final payment.

**PREPAYMENT.** Borrower agrees that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes payment in full of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: AMERICANA COMMUNITY BANK, CHANHASSEN, 600 W 79TH ST, PO BOX 790 CHANHASSEN, MN 55317.

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged 5.000% of the regularly scheduled payment or $25.00, whichever is greater.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, Lender, at its option, may, if permitted under applicable law, increase the variable interest rate on this Note to 5.000 percentage points over the Index. The interest rate will not exceed the maximum rate permitted by applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The dissolution of Borrower (regardless of whether election to continue is made), any member withdraws from Borrower, or any other termination of Borrower's existence as a going business or the death of any member, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including reasonable attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all sums provided by law.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Minnesota without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Minnesota.

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of CARVER County, State of Minnesota.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against

**PROMISSORY NOTE**
**(Continued)**

Loan No: 50039091                                                                                                    Page 2

___

such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff provided in this paragraph.

**COLLATERAL.** Borrower acknowledges this Note is secured by All Inventory, Chattel Paper, Accounts, Equipment, General Intangibles and Fixtures; see Commercial Security Agreement from "Uptown Drink, LLC" to "Americana Community Bank" dated 5/25/05. All business assets; see Commercial Security Agreement from "Uptown Drink, LLC" to "Americana Community Bank" dated 2/24/05. Commercial Guaranty from "Stephen F. Rowland, Jr." to "Americana Community Bank" dated 5/25/05. Commercial Guaranty from "James J. Rowland" to "Americana Community Bank" dated 5/25/05. Commercial Guaranty from "Nedal Abul-Hajj" to "Americana Community Bank" dated 5/25/05. Commercial Guaranty from "Daniel L. Gelb" to "Americana Community Bank" dated 5/25/05. Commercial Guaranty from "Michael R. Whitelaw" to "Americana Community Bank" dated 5/25/05. Commercial Guaranty from "Thomas Baldwin" to "Americana Community Bank" dated 5/25/05. Commercial Guaranty from "Fun Group, Inc." to "Americana Community Bank" dated 5/25/05.

**PRIOR NOTE.** Promissory Note (Loan 50038508) dated 2/24/05 in the Original Principal amount of $540,000.00.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: AMERICANA COMMUNITY BANK 300 MAIN STREET WEST SLEEPY EYE, MN 56085.

**GENERAL PROVISIONS.** Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**SECTION DISCLOSURE.** To the extent not preempted by federal law, this loan is made under Minnesota Statutes, Section 47.59.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

**BORROWER:**

**UPTOWN DRINK, LLC**

By: __COPY_____          By: __COPY_____
   Stephen F. Rowland, Jr., Member of Uptown Drink,          James J. Rowland, Member of Uptown Drink, LLC
   LLC

   __COPY_____
   Nedal Abul-Hajj, Member of Uptown Drink, LLC


**FUN GROUP, INC., Member of Uptown Drink, LLC**

By: __COPY_____          By: __COPY_____
   Michael R. Whitelaw, President of Fun Group, Inc.          Thomas Baldwin, Secretary of Fun Group, Inc.

By: __COPY_____
   Daniel L. Gelb, Shareholder of Fun Group, Inc.

___

COPY

**Exhibit B**

**Uptown Drink LLC**
**BKY. No. 11-47016**

CALCULATION OF THE AMOUNT OF DEBT SECURED BY THE COLLATERAL

| **Party/Lender** | **Collateral** | **Amount Owed** | **Value of Collateral** | **Secured: Over/Under** |
|---|---|---|---|---|
| **Plaza I, Inc.** | Lien on debtor's assets including all inventory, deposit accounts, chattel paper, instruments, letter-of-credit rights, letters of credit, documents, investment property, money, other rights to payment and performance, and general intangibles. MN Secretary of State Doc. Nos. 201020308107 (05/20/10) and 20102176097 (10/11/10). | $339,051.86 | $329,485.24 | Undersecured |

## Exhibit C

**Uptown Drink LLC**
**BKY. No. 11-47016**

DESCRIPTION OF COLLATERAL AND VALUES ON DATE OF FILING, AT THE BEGINNING OF USE OF CASH COLLATERAL, AND AT END OF CASH COLLATERAL PERIOD
-------------------------------

| Asset | Value as of Filing Date (Same as Beginning of Use of Cash Collateral) | Value as of Beginning of Cash Collateral Period (10/27/11) | Value as of End of Cash Collateral Period (4/30/12) |
|---|---|---|---|
| **Assets Subject to the Security Interest:** | | | |
| Cash on Premises | $15,000. | $15,000. | $15,000. |
| Associated Bank ATM | $0. | $0. | $0. |
| Associated Bank Operating | $0. | $0. | $0. |
| Crown Bank Operating | $14,024.80 | $14,024.80 | $0. |
| DIP Account (TBD) | $0. | $0. | $45,000. |
| Funds in possession of Sheriff | $34,127.10 | $34,127.10 | $0. |
| Retainer Morris Law | $3,333.34 | $10,000. | $10,000. |
| Total Cash Assets | $66,485.24 | $66,485.24 | $70,000. |

Exhibit C

**Uptown Drink LLC**
**BKY. No. 11-47060**

STATEMENT OF PROJECTED CASH FLOWS
(Initial Period of Use of Cash Collateral)

Week of:　　　　　　　　　　　　　　　　Month of:

| | 10/31/11 | 11/7/11 | 11/14/11 | 11/21/11 | 11/28/11 | Dec. 2011 | Jan. 2012 | Feb. 2012 | Mar. 2012 | Apr. 2012 |
|---|---|---|---|---|---|---|---|---|---|---|
| **Receipts** | | | | | | | | | | |
| Beginning cash | 9169.20 | 11794.20 | 11719.20 | 14344.20 | 14219.20 | 10894.25 | 6860.25 | 15060.25 | 15571.25 | 20282.25 |
| Cash receipts | 36000.00 | 32000.00 | 36000.00 | 32000.00 | 39000.00 | 124500 | 132000 | 132000 | 164000 | 200000 |
| Total Receipts | 44169.20 | 43794.20 | 47719.20 | 46344.20 | 47219.20 | 143394.20 | 140780.20 | 137060.20 | 15552.20 | 220282.20 |
| **Disbursements** | | | | | | | | | | |
| Rent | | | | | | | | | | |
| Utilities | | | | | | 29939 | 29939 | 29935 | 24935 | 24934 |
| Insurance | 715.00 | 715.00 | 715.00 | 715.00 | 715.00 | 8100 | 7800 | 7800 | 7800 | 8400 |
| Payroll | 7160.00 | 7160.00 | 7160.00 | 7160.00 | 7160.00 | 3275 | 3275 | 3275 | 3275 | 3275 |
| Payroll Taxes | 3150.00 | 3150.00 | 3150.00 | 3150.00 | 3150.00 | 30000 | 30000 | 30000 | 30000 | 40000 |
| Advertising | | | | | | 1250 | 1250 | 1250 | 1250 | 1500 |
| Inventory | 1500.00 | 1500.00 | 1500.00 | 1500.00 | 1500.00 | | | | | |
| Merchant Fees | 1200.00 | 1200.00 | 1200.00 | 1200.00 | 1200.00 | 3800 | 3800 | 3800 | 4000 | 4000 |
| Linen Services | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 4000 | 5000 | 5000 | 5000 | 6000 |
| Sales Tax | | | | | | 1500 | 1200 | 1200 | 1000 | 2000 |
| Accountant Fees | 3500.00 | 3500.00 | 3500.00 | 3500.00 | 3500.00 | 1500 | 1200 | 1200 | 1500 | 1500 |
| Total Expenses | 3275.00 | 32075.00 | 32315.00 | 32075.00 | 32375.00 | 137814.00 | 132354.25 | 135314 | 135514 | 164014 |
| **PROFIT/LOSS** | 11794.20 | 11719.20 | 14344.20 | 14219.20 | 11064.20 | 5580.25 | 6060.25 | 15527.25 | 20288.20 | 37424 |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

---

In re:

Uptown Drink, LLC

Debtor.

Bky. 11-47016-DDO
Ch. 11

---

## MEMORANDUM OF LAW

---

The debtor, Uptown Drink, LLC, submits this memorandum of law in support of its Motion to Approve Stipulation with Plaza I, Inc. for Use of Cash Collateral and for Adequate Protection (the "Stipulation"). The Stipulation reflects the negotiated agreement as to the use of cash collateral and for adequate protection. The debtor requests that the court should enter an order approving the Stipulation.

## FACTUAL BACKGROUND

The debtor is indebted to Plaza I, Inc. by virtue of a promissory and commercial security agreement and originally entered into between the debtor and Americana Community Bank and which was subsequently assigned to Plaza I, Inc., pursuant to which the debtor granted a blanket security interest in all company assets of the debtor, including but not limited to all inventory, deposit accounts, chattel paper, instruments, letter-of-credit rights, letters of credit, documents, investment property, money, other rights to payment and performance, and general intangibles to Plaza I, Inc. (the "Note"). A copy of the Note is attached to the Stipulation as **Exhibit A**.

A valid UCC-1 Financing Statement was filed with the Minnesota Secretary of State on May 20, 2010 as Doc. No. 201020308107 and the subsequent assignment was filed on October 10,

1

2010 as Doc. No. 20102176097. Accordingly, Plaza I, Inc. holds the only security interest and blanket lien in all personal property and assets of the debtor, including its cash collateral.

As of the filing date, the debtor was indebted to Plaza I, Inc. in the amount of $339,051.86. The collateral securing the claim of Plaza I, Inc. is valued at $329,485.24. Accordingly, Plaza I, Inc. is under-secured.

The debtor has the need to use the collateral securing the claim of Plaza I, Inc., including the cash collateral, inventory and equipment, in the ordinary course of its business to continue operating as an ongoing concern, make inventory purchases, pay insurance, utilities and other expenses in order to generate new cash proceeds. The debtor shall be able to operate, on a cash basis, and believes that it will be able to obtain a confirmed plan of reorganization in accordance with existing rules and statutes.

## **CASH COLLATERAL**

Section 363 of the Bankruptcy Code prohibits a debtor from using cash collateral without the consent of the secured party having an interest in such collateral or court order. Such an order can be entered if the debtor offers adequate protection to the party or parties with a secured interest in cash collateral. In this case, the debtor has entered into a stipulation with Plaza I, Inc. regarding the use of cash collateral securing its claim. Plaza I, Inc. is the only secured party having an interest in the debtor's assets and its lien is a blanket lien on all assets of the debtor.

The debtor need only show that it will be able to maintain the value of the cash collateral in order to be allowed the use of cash. (See United Savings Assoc. v. Timbers of Linwood Forest, 108 S. Ct. 626 (1988)) Here, the debtor can maintain the value of collateral based on projections founded on a historical and reasonable basis. The **Exhibits B**, **C** and **D**, included herewith, show that the position of Plaza I, Inc. will not be harmed by the debtor's use of cash collateral.

## ADEQUATE PROTECTION

Section 361 of the Bankruptcy Code provides that adequate protection available only with regard to the "interest of an entity in property". 11 U.S.C. § 361. Additionally, adequate protection may be provided by periodic payments to the secured party. 11 U.S.C. § 361(1). As for the stipulated adequate protection, the debtor maintain insurance on the collateral, shall grant to Plaza I, Inc. a replacement lien and shall pay to Plaza I, Inc. the amount of $15,750.00 per month, which reflects the regular monthly amount payable between the parties.

Because the collateral is under necessary to the debtor's ongoing operations and to an effective reorganization, the debtor's furnishing of periodic payments for adequate protection, as stipulated, is reasonable and in the best interests of the creditors of the debtor.

## RELIEF REQUESTED

For the reasons stated above, the debtor respectfully requests the court to grant its Motion to Approve the Stipulation for Use of Cash Collateral and for Adequate Protection with Plaza I, Inc.

Respectfully submitted,

Dated: November 2, 2011.                             **WARTCHOW LAW OFFICE, LLC**

                                    By:___/s/ Lynn J.D. Wartchow_____
                                        Lynn J.D. Wartchow (#339726)
                                        Wartchow Law Office, LLC
                                        5200 Willson Road, Suite 150
                                        Edina, MN 55424
                                        Phone  (952) 836-2717
                                        Fax (952) 836-2730
                                        Email: lynn@wartchowlaw.com

3

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

_____

In re:

                                                  **Bky. 11-47016-DDO**

Uptown Drink, LLC                               **Ch. 11**

    Debtor.

_____

**UNSWORN CERTIFICATE OF SERVICE**
_____

      I, Lynn J.D. Wartchow, do hereby certify that on November 2, 2011 the Notice of Hearing and Motion to Approve Stipulation for Use of Cash Collateral and Adequate Protection, Memorandum of Law and Proposed Orders were filed with the Clerk of Court via ECF, and served upon all parties in interest and other entities specified in Local Rule 9013-3 listed on the attached service list by first class U.S. mail.

<u>Via e-notice by the U.S. Bankruptcy Court to the following:</u>

Sarah Wencil on behalf of U.S. Trustee US Trustee: sarah.wencil@usdoj.gov
US Trustee: ustpregion12.mn.ecf@usdoj.gov

<u>Via by U.S. mail to the following:</u>

Uptown Drink, LLC
1400 Lagoon Ave.
Minneapolis, MN 55408

Plaza I, Inc.
9617 Oak Ridge Trail
Minnetonka, MN 55305-4642

Bernick, Lifson, Greenstein, Greene Lisz
Attn: Sarah Lynn Krans
5500 Wayzata Boulevard, Suite 1200
Minneapolis, MN 55416

Johnson Brothers
1999 Shepard Road
St. Paul, MN 55116-0328

US Foods
PO Box 1450
Minneapolis, MN 55485
Steven A. Smith, Attorney for Plaintiffs

Nichols Kaster, PLLP
4600 IDS Center, 80 S. 8th Street
Minneapolis, MN 55402

Nichols Kaster, PLLP
4600 IDS Center, 80 S. 8th Street
Minneapolis, MN 55402

ASCAP
2675 Paves Ferry Road SE
Atlanta, GA 30339

Minneapolis Finance Department
250 S. Fourth St., Room 230
Minneapolis, MN 55415-1328

Ace Lock & Safe Co., Inc.
410 Washington Ave N.
Minneapolis, MN 55401

UPAC
PO Box 212516
Kansas City, MO 64121-2516

District Counsel of the Internal Revenue Service
380 Jackson Street, Suite 650
St. Paul, MN 55101

District Director of the Internal Revenue Service
30 E. 7th Street
Stop 5700, Suite 1222
St. Paul, MN 55101

Collection Division of the Minnesota Department of Revenue
Bankruptcy Section
P.O. Box 64447
St. Paul, MN 55164-0447

United States Attorney for the District of Minnesota
600 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Dated: November 2, 2011.

                                                      ___/s/ Lynn J.D. Wartchow_____
                                                      Lynn J.D. Wartchow

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

_____

In re:

    Uptown Drink, LLC

    Debtor.

**Bky. 11-47016-DDO**
**Ch. 11**

_____

### INTERIM ORDER APPROVING STIPULATION FOR CASH COLLATERAL USE
_____

The debtor's motion for an order granting expedited relief and approving the stipulation with Plaza I, Inc. for use of cash collateral came on for a preliminary hearing before the court on November 3, 2011 at 1:30 p.m. Based on the arguments of counsel, all of the files, records, and proceedings herein, the court being fully advised in the premises and accordingly:

**IT IS ORDERED:**

1. The request for expedited relief is granted.

2. The stipulation with Plaza I, Inc. for the debtor's use of cash collateral and for adequate protection is approved in its entirety as of the petition date through the date of the final hearing on this motion.

3. The debtor is hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the relief as described and approved in this order.

4. Entry of this order is without prejudice to the rights of debtor, including, but not limited to, the right to seek further, other, or different relief under the Bankruptcy Code.

5. This court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

6. This order is effective immediately upon its entry.

Dated: _____    _____
                                                  Dennis O'Brien
                                                  United Stated Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

_____

In re:

Uptown Drink, LLC

**Bky. 11-47016-DDO**
**Ch. 11**

Debtor.

_____

**FINAL ORDER APPROVING STIPULATION FOR CASH COLLATERAL USE**
_____

The debtor's motion for an order granting expedited relief and approving the stipulation with Plaza I, Inc. for use of cash collateral came on for a final hearing before the court on November 30, 2011 at 2:00 p.m. Based on the arguments of counsel, all of the files, records, and proceedings herein, the court being fully advised in the premises and accordingly:

**IT IS ORDERED:**

1. The stipulation with Plaza I, Inc. for the debtor's use of cash collateral and for adequate protection is approved in its entirety.

2. The debtor is hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the relief as described and approved in this order.

3. Entry of this order is without prejudice to the rights of debtor, including, but not limited to, the right to seek further, other, or different relief under the Bankruptcy Code.

4. This court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

5. This order is effective immediately upon its entry.

Dated: _____    _____
Dennis O'Brien
United Stated Bankruptcy Judge